RICHARD BRIGGS & others *vs.* HENRY M. WHITNEY & others.

Norfolk.    April 3, 1893. — May 17, 1893.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Certiorari — Public Park — Betterments — Statute — Valid Assessment.*

Under St. 1875, c. 185, entitled "An Act for the laying out of public parks in or near the city of Boston," assessments may be made for benefits received from the laying out of a public park in a town adjoining the city of Boston which has accepted the provisions of the statute.

An assessment made under St. 1875, c. 185, for benefits received from the laying out of a public park in a town adjoining the city of Boston, which has accepted the provisions of the above statute, is not void because it includes expenses incurred under St. 1889, c. 190, for the sanitary improvement of the neighborhood.

PETITION for a writ of certiorari to quash the proceedings of the park commissioners of the town of Brookline, claiming to act under St. 1875, c. 185, in making assessments for benefits received from the laying out of a public park in the town of Brookline, adjoining the city of Boston, which has accepted the act.

Hearing before *Morton*, J., who reserved the case for the determination of this court upon the petition and such facts set forth in the answer and return as should appear material. So much of the case as is necessary to the understanding of the points decided is stated in the opinion.

*C. A. Williams*, for the respondents.

*C. H. Drew & F. L. Creesy*, for the petitioners.

KNOWLTON, J. The principal question in this case is whether, under the St. of 1875, c. 185, entitled " An Act for the laying out of public parks in or near the city of Boston," assessments may be made for benefits received from the laying out of a public park in a town adjoining the city of Boston which has accepted the provisions of the statute.

Section 16 is as follows: " The mayor of any city adjoining the city of Boston may, . . . at any legal meeting called for the purpose, elect park commissioners, who shall have powers similar to those hereinbefore given to the park commissioners of the city of Boston, to lay out and improve parks within such adjoining city or town, in conjunction or connection with any park laid out in Boston; and any park laid out by the park commissioners of such adjoining city or town shall be subject to similar provisions to those, hereinbefore made regarding parks in Boston, and such adjoining city or town shall have similar rights, and be subject to similar duties, to those hereinbefore given to and imposed upon the city of Boston in relation to incurring debts for the purpose of defraying expenses incurred under this act; provided, however, that the provisions of this section shall not apply to any such adjoining city that has not accepted the same by a vote of a majority of the legal voters at the annual meeting for

the choice of municipal officers." It is contended by the petitioners that inasmuch as there is no mention of the assessment of betterments in this section, no authority to adopt this particular mode of taxation is conferred. The object of the section seems to be to apply to cities and towns adjoining the city of Boston the same provisions in regard to laying out parks in connection with parks laid out in Boston as are made in the preceding sections for the laying out of parks in that city. The most general language is used, without specification or statement in detail, and we think any one reading the section without attempting analysis of it would say at once that the purpose of the Legislature was to put the cities and towns referred to in the same position in reference to laying out adjacent parks as Boston itself in regard to those within its own boundaries.

If we look at the section more critically in connection with the other parts of the chapter, we reach the same result. In the first place, the park commissioners chosen in one of these towns have powers similar to those given to the park commissioners of Boston, " to lay out and improve " the parks referred to. Now, under § 7, it is the duty of the park commissioners of Boston, when they lay out a park, to determine whether benefits have been received by landowners, and whether betterments should be assessed. The performance of this duty is necessarily incident to laying out a park, and in a broad sense may be said to be part of the proceedings of laying out a park. Secondly, the adjoining city or town has similar rights, and is subject to similar duties, to those given to and imposed upon the city of Boston in relation to incurring debts, and for the purpose of defraying expenses incurred under the act. They therefore have the right, which is given to the city of Boston under § 12, to issue bonds to be called the Public Park Loan, and they are required in such a case to establish a sinking fund to provide for its payment, and to pay into the fund all sums received for betterments until the fund is sufficiently large to meet the indebtedness when it becomes due. Here is a plain implication that the powers of the park commissioners and the rights and duties of the town are the same in regard to the assessment of betterments as those of the park commissioners and of the city when parks are laid out in Boston. We are of opinion that the statute gives the respond-

ents authority to assess betterments received from the laying out of this park.

The remaining question is whether the assessment is void because it includes expenses incurred for the sanitary improvement of the neighborhood. The petitioners contend that the action of the town in raising money to defray the expenses of laying out and improving the park since the passage of the St. of 1889, c. 190, entitled "An act to authorize a loan for the construction of a public park in Brookline," has been under and in accordance with this statute, and that therefore part of the money has been spent for sanitary purposes, and not for the purpose of procuring a park, as contemplated by the St. of 1875, c. 185. But the respondents in their answer aver "that the park way was not constructed by them with reference to the sanitary improvement of Muddy River, but purely and simply as a park in connection with a park laid out by the city of Boston," etc., although they at the same time admit that the carrying out of the contemplated improvement has relieved "the district in which said park was to be constructed from possible future sanitary troubles." The petitioners admit the truth of these averments. We are of opinion that the action of the park commissioners, as set forth in their answer, was within the authority of the St. of 1875, c. 185, and that a mere incidental sanitary benefit to be derived from the construction of the park, although referred to in the St. of 1889, c. 190, does not change the character of their proceedings. When the original authority to lay out and construct parks was given by the Legislature, it was contemplated that a variety of incidental benefits might result from work done under the statute, and the improvement of the sanitary condition of the land included in a park, and of other land in the vicinity, would not be an unnatural or improbable incident in many cases, and would not render the work done any less a legitimate work under the authority originally given. We find nothing in the case which requires us to issue a writ of certiorari.

*Petition denied.*